# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |
|---|---|
| DEVONTA M. MARTIN, | CIVIL COMPLAINT |
| Plaintiff, |  |
| v. | CASE NO. 8:26-cv-01581 |
| SOFI BANK, N.A. CORPORATION, | DEMAND FOR JURY TRIAL |
| Defendant. |  |

## <u>COMPLAINT</u>

NOW comes DEVONTA M. MARTIN ("Plaintiff"), by and through the undersigned, complaining as to the conduct of SOFI BANK, N.A. CORPORATION ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Equal Credit Opportunity Act ("ECOA") pursuant to 15 U.S.C. §1691 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the ECOA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1691, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

### PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Tampa, Florida, which is within the Middle District of Florida.

5. Defendant is a financial service provider offering consumers a variety of financial products and services, including, but not limited to, personal loans and other lines of credit. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business 2750 E. Cottonwood Pkwy, Suite 300, Cottonwood Heights, Utah 84121.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSE OF ACTION

7. The instant action arises out of adverse credit actions Defendant took regarding Plaintiff's application for credit.

8.  Plaintiff applied for a line of consumer credit through Defendant.

9. On or about September 23, 2025, Plaintiff received correspondence from Defendant denying her application.

10. Specifically, Defendant's adverse action correspondence stated, in pertinent part, that Defendant "…consider[s] many factors when reviewing loan applications and unfortunately, we aren't able to approve [Claimant's] application at this time."

11. Defendant's notice contained no specified reasons for its adverse action other than a link to an external portal, as well as a "Learn more about declines" paragraph that provides a link to common reasons why loan applications are denied.

12. Defendant's notice email further fails to provide Plaintiff the right to request specific reasons within 30 days of the adverse action.

13. Defendant's notice failed to not only provide Plaintiff with any clear rationale for the decision, but it also failed to provide any indications on steps Plaintiff could take to receive extensions of credit from Defendant in the future.

14. The notice further did not inform Plaintiff of any right to a written statement of reasons explaining the rationale for the adverse action.

15. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including but not limited to, being subjected to adverse credit decisions, denial of credit opportunities, and mental and emotional pain and suffering.

16. Frustrated, distressed, and concerned by Defendant's actions and inactions, Plaintiff spoke with the undersigned regarding her rights, resulting in expenses.

### COUNT I - VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT

17.  Plaintiff repeats and alleges paragraphs 1 through 16 as fully set forth herein.

18. Plaintiff is an" applicant" as defined by 15 U.S.C. § 1691a(b) because he applied to a creditor directly for an extension of credit.

19. Defendant is a "creditor" as defined by 15 U.S.C. § 1691a(e) as it regularly arranges for the extension, renewal, or continuation of credit.

20.  The aforementioned credit denial is an "adverse action" as defined by 15 U.S.C. § 1691(d)(6).

21. The ECOA, pursuant to 15 U.S.C. § 1691(d) provides:

> 2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by—
>
> A. Providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken.

22. 15 U.S.C. § 1691(d)(3) provides that "a statement of reasons [for adverse action] meets the requirements of this section only if it contains the *specific* reasons for the adverse action taken. 15 U.S.C. §1691(d)(3) (emphasis added).

4

23.  Defendant violated § 1691(d)(3) of the ECOA, failing to provide Plaintiff with an adverse action notice detailing the specific reasons for the credit denial.

24.  The statement in Defendant's adverse action notice is vague and conclusory, as it fails to identify any specific reasoning for Plaintiff's loan denial and merely indicates that "many factors" played a role in denying Plaintiff's application without any adequate explanation as to what exactly was determined.

25. Accordingly, Plaintiff was unable to address or correct the alleged deficiencies on which Defendant based this denial.

26. As indicated above, Plaintiff suffered damages and the deprivation of statutorily required information with downstream negative consequences, as the deprivation of information to which Plaintiff was statutorily entitled precluded Plaintiff from being able to correct the issues and otherwise attempt to qualify for the credit he was seeking when applying through Defendant.

WHEREFORE, Plaintiff, DEVONTA M. MARTIN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying ECOA violations, pursuant to 15 U.S.C. §1691e(a);

c. Award Plaintiff punitive damages of up to $10,000, in an amount to be determined at trial, for the underlying ECOA violations, pursuant to 15 U.S.C. §1691e(b);

5

d.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1691e(d); and

e.  Award any other relief as this Honorable Court deems just and appropriate.

Dated: May 28, 2026                          Respectfully submitted,

                                             s/ Maxwell W. Brooks
                                             Maxwell W. Brooks
                                             Counsel for Plaintiff
                                             Sulaiman Law Group, Ltd.
                                             2500 South Highland Ave., Suite 200
                                             Lombard, Illinois 60148
                                             (630) 568-5965 (phone)
                                             (630) 575-8188 (fax)
                                             mbrooks@atlaslawcenter.com